21-1335(L)
*Sanchez v. United States*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.   WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").   A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of April, two thousand twenty-four.

PRESENT:
> **GUIDO CALABRESI,**
> **BARRINGTON D. PARKER,**
> **MICHAEL H. PARK,**
> *Circuit Judges.*

_____

Christian Sanchez, Wilson Pagan,

> *Petitioner-Appellant,*

v.

United States of America,

> *Respondent-Appellee.*

*****************************************

United States of America,

> *Appellee,*

v.

Wilson Pagan, AKA King Gunz, Christian Sanchez, AKA King Chi Chi,

> *Defendants-Appellants.*[*]

_____

21-1335(L), 22-1527(CON), 22-1535(CON), 22-1569(CON), 22-1813(CON)

---

[*] Case Nos. 22-1535 and 22-1569 are determined by this summary order.   The remaining cases have been previously determined.

**FOR APPELLANT:**                    Randa D. Maher, Esq., Great Neck, NY.

**FOR APPELLEE:**                    Michael D. Maimin, Stephen J. Ritchin, Assistant United States Attorneys, *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Seibel, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Christian Sanchez was convicted on 19 counts for crimes involving racketeering, assault, murder, narcotics, use and possession of firearms, and attempted tampering with an informant. He was sentenced to seven concurrent terms of life, other concurrent terms, one consecutive term of 10 years, and four consecutive terms of 25 years, for an aggregate term of life plus 110 years of imprisonment. After this Court affirmed Sanchez's convictions on direct appeal, Sanchez filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence, making claims of ineffective assistance of counsel, double jeopardy, and the unconstitutional vagueness of 18 U.S.C. § 924(c). The district court denied his ineffective assistance claim, vacated three counts of conviction on double jeopardy grounds, and held in abeyance his challenge to section 924(c) pending *United States v. Davis*, 139 S. Ct. 2319 (2019). It resentenced Sanchez to five concurrent terms of life, other concurrent terms, one consecutive term of five years, and four consecutive terms of 25 years, for an aggregate term of life plus 105 years of imprisonment. After *Davis* was decided, the district court vacated the conviction and sentence for Count 30, but declined to resentence Sanchez on the remaining counts—Counts 37, 39, and 40—for which the

sentences ran consecutively to his concurrent life sentences, resulting in an aggregate term of life plus 80 years of imprisonment. It also declined to decide whether section 403(b) of the First Step Act, the "anti-stacking" provision, would apply at a plenary resentencing.

Sanchez appeals, claiming that the district court abused its discretion in declining to conduct plenary resentencing, which could have resulted in a sentence of life plus 35 years rather than life plus 80 years if he were resentenced under the First Step Act's revised sentencing guidelines. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review *de novo* a district court's denial of a § 2255 motion." *Kassir v. United States*, 3 F.4th 556, 561 (2d Cir. 2021). "A § 2255 motion challenges the prisoner's being in custody, and relief may be afforded only when the prisoner claims 'the right to be released.'" *Al-'Owhali v. United States*, 36 F.4th 461, 465 (2d Cir. 2022) (quoting 28 U.S.C. § 2255(a)).

Under the concurrent-sentence doctrine, "an appellate court affirming a conviction and sentence may, in its discretion, choose not to hear a challenge to a conviction on another count if that second conviction carries a sentence that is equal to or less than the affirmed conviction." *Dhinsa v. Krueger*, 917 F.3d 70, 75-76 (2d Cir. 2019) (cleaned up). "The doctrine is a rule of judicial convenience that conserves judicial resources when, regardless of the outcome, the prisoner will remain in jail for the same length of time." *Al-'Owhali*, 36 F.4th at 466. "As a species of harmless-error analysis, it allows a court to avoid unnecessary adjudication of issues and unnecessary pronouncements of law by reserving judgment only for issues that, once resolved, have some practical effect." *Id*. (quotation marks omitted).

"[T]he concurrent sentence doctrine applies to a collateral challenge to a conviction for which the sentence runs consecutively to one or more unchallenged life sentences." *Id*. at 467. "We have discretion to apply the doctrine when . . . (1) the collateral challenge will have no effect on the time the prisoner must remain in custody and (2) the unreviewed conviction will not yield additional adverse collateral consequences." *Id*. "[C]ourts may look to the so-called *Vargas* factors to determine whether to rely on the concurrent sentence doctrine." *Kassir*, 3 F.4th at 568. "These five factors—the unreviewed conviction's effect on the petitioner's eligibility for parole, the future application of recidivist statutes for a future offense by the petitioner, the petitioner's credibility in future trials, the possibility of pardon, and societal stigma of a conviction—provide helpful guideposts for discerning the impact of a decision to leave a conviction unreviewed." *Id*.

Exercising our discretion under the concurrent-sentence doctrine, we decline to reach the merits of Sanchez's claims. Sanchez is currently serving five concurrent life sentences, all of which we affirmed on direct appeal, and none of which was collaterally challenged in the district court or here. Sanchez does not challenge his convictions but instead argues that he is entitled to plenary resentencing on three counts. But resentencing on those counts would make no practical difference because, even if he is correct, Sanchez would still receive a sentence of life plus 35 years.

Additionally, none of the concerns considered by the *Vargas* factors is present here, so "there is no meaningful possibility that [Sanchez's] unreviewed [convictions] will expose him to substantial risk of adverse collateral consequences." *Id*. First, the unreviewed convictions will have no effect on Sanchez's eligibility for future parole because his unchallenged life sentences are all without parole. *United States v. Delgado*, 971 F.3d 144, 159 (2d Cir. 2020) ("Since there

4

is no parole in the federal system, [Sanchez's] sentence is effectively the same as a life-without-parole sentence in state court systems."). Second, Sanchez is unlikely to be subject to recidivist statutes for a future offense because he "is already in prison for life." *Al-'Owhali*, 36 F.4th at 468. Third, "the unreviewed conviction[s] [are] unlikely to be used to impeach his character at a future trial or affect his chances for a potential pardon," *id.*, because Sanchez remains convicted on several other counts for his role in racketeering, murder, assault, and narcotics distribution. Fourth, Sanchez is unlikely to be subject to "societal stigma" of the unreviewed convictions "especially in comparison to the stigma already carried by his [unchallenged] convictions[s]." *Kassir*, 3 F.4th at 568. There is no meaningful stigmatic difference between a sentence of life plus 80 years and a sentence of life plus 35 years.

We have considered all of Sanchez's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED** without prejudice to Sanchez renewing his claims if he is authorized to challenge the validity of his life sentences in the future.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5